UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ZENOVIA COLQUITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  4:16-cv-81 |
| | ) | |
| NAVIENT SOLUTIONS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S COMPLAINT**

Plaintiff, ZENOVIA COLQUITT ("Plaintiff"), through his attorney, Agruss Law Firm, LLC, alleges the following against Defendant, NAVIENT SOLUTIONS, INC., ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. §227, et seq. ("TCPA").

2. Count II of Plaintiff's Complaint is based on the Texas Debt Collection Act Tex. Fin. Code Ann. §392, et al.  ("TDCA").

3. The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not

1

universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

5. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13. *See also, Mims*, 132 S. Ct. at 744.

6. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

7. *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION AND VENUE

8. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367, and 15 U.S.C. §1692k, and 15 U.S.C. 1693(m).

9. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

10. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state claims contained within.

11. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

12. Plaintiff is a natural person residing in Lake Jackson, Brazoria County, Texas.

13. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

14. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

15. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

16. Defendant attempted to collect a consumer debt from Plaintiff.

17. Defendant is a collection agency located in Wilmington, New Castle County, Delaware.

18. Defendant is a business entity engaged in the collection of debt within the State of Texas.

19. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

20. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

21. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

22. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

23. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

24. As noted above, in 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

25. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers."Specifically, the plain language of section 227(b)(l)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

26. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

27. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express

consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

28. The TCPA prohibits the use of any "automatic telephone dialing systems" to call cellular telephones. It also prohibits the use of artificial or prerecorded messages.

29. "Automatic telephone dialing system" means any equipment that has the "*capacity* to dial numbers without human intervention." *Griffith v. Consumer Portfolio Serv., Inc.*, 2011 WL 3609012 (N.D. Ill. Aug. 16, 2011) (emphasis original).

## FACTUAL ALLEGATIONS

30. Defendant is attempting to collect an alleged consumer debt from Plaintiff originating from a student loan account.

31. The alleged debt owed arises from transactions for personal, family, and household purposes.

32. In or around June 2015, Defendant began calling Plaintiff on Plaintiff's cellular telephone at xxx-xxx-0844 and Plaintiff's work telephone at xxx-xxx-4876.

33. Defendant calls Plaintiff from 302-261-5690, 317-550-5596, and 765-637-0793, which are three of Defendant's telephone numbers.

34. On or around June 23, 2015, Plaintiff answered one of Defendant's calls and spoke with one of Defendant's collectors.

35. During the aforementioned conversation, Plaintiff requested Defendant stop calling her.

36. Despite Plaintiff's request to stop calling, Defendant continued to place incessant calls to Plaintiff's work and cellular telephone numbers in an attempt to collect the alleged debt.

37. On or around September 24, 2015, Plaintiff spoke to one of Defendant's collectors and again requested that Defendant stop calling her.

38. On September 29, 2015, Plaintiff's attorney's office sent a cease and desist letter to Defendant requesting that Defendant cease all further communications with Plaintiff. *See* Plaintiff's letter to Defendant attached as Exhibit A.

39. Despite Plaintiff's requests and receiving Plaintiff's cease and desist letter, Defendant continued to place collection calls to Plaintiff's cellular telephone and work telephone.

40. On October 7, 2015, Defendant placed five (5) calls to Plaintiff's cellular telephone after having received Plaintiff's cease and desist letter.

41. On October 8, 2015, Defendant placed six (6) calls to Plaintiff's cellular telephone after having received Plaintiff's cease and desist letter.

42. Defendant places calls to Plaintiff at an annoying and harassing rate, calling several times per day.

43. Plaintiff has received several automated voicemail messages from Defendant.

44. In the aforementioned voicemails, Defendant did not disclose that the calls were made in an attempt to collect an alleged debt.

45. Defendant called Plaintiff using an autodialer system.

46. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. §227(a)(1), to place its repeated collection calls to Plaintiff seeking to collect the debt allegedly owed.

47. Defendant's phone system has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

48. Plaintiff never provided her cellular telephone number to Defendant and never provided

Plaintiff's consent to Defendant to be contacted on Plaintiff's cellular telephone.

49. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

50. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

51. Plaintiff is not a customer of Defendant's services, and has never provided any personal information, including Plaintiff's cellular telephone number, to Defendant for any purpose whatsoever.

52. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on Plaintiff's cellular telephone pursuant to 47 U.S.C. 227(b)(1)(A).

53. The natural consequences of Defendant's statements and actions was to unjustly condemn and vilify Plaintiffs for their non-payment of the debt they allegedly owe.

54. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiffs.

55. The natural consequences of Defendant's statements and actions was to cause Plaintiffs mental distress.

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

56. Defendant made unsolicited commercial phone calls to the wireless telephone number of Plaintiff using equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, *as* evidenced by the pre-recorded nature of the calls.

57. These phone calls were made without the prior express consent of Plaintiff.

58. Defendant's conduct therefore violated the TCPA by:

    a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, ZENOVIA COLQUITT, respectfully requests judgment be entered against Defendant, NAVIENT SOLUTIONS, INC., for the following:

59. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

60. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

61. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

62. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE TEXAS DEBT COLLECTION ACT

63. Plaintiff repeats and realleges paragraphs 1-55 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

64. Defendant violated the TDCA based on the following:

    a. Defendant violated Tex. Fin. Code §392.302(4) by oppressing, harassing, or abusing Plaintiff by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person

8

at the called number, when Defendant continued to call Plaintiff after Plaintiff requested Defendant stop calling her.

WHEREFORE, Plaintiff, ZENOVIA COLQUITT, respectfully requests judgment be entered against Defendant, NAVIENT SOLUTIONS, INC., for the following:

65. For statutory damages provided and pursuant to Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d);

66. For attorneys' fees, costs and disbursements;

67. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1); and

68. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

DATED: January 11, 2016    RESPECTFULLY SUBMITTED,

By: /s/ Michael S. Agruss
Michael S. Agruss
IL State Bar #: 6281600
Agruss Law Firm, LLC
4611 N. Ravenswood Ave., Suite 201
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff

# **EXHIBIT A**



4611 N Ravenswood Ave
Suite 201
Chicago, IL 60640

Local: 312-224-4695
Toll-free: 888-572-0176
Fax: 312-253-4451
www.agrusslawfirm.com
jackie@agrusslawfirm.com

September 29, 2015

**Navient Solutions, Inc**
123 S. Justison Street
Wilmington DE 19801

Re:   Zenovia Colquitt

To Whom It May Concern:

Please stop all further communications with Zenovia Colquitt. Additionally, this letter revokes all prior business relationships as defined by the Telephone Consumer Protection Act ("TCPA") by and between any of the original parties involved in the underlying account at issue, as well as any subsequent parties in interest. Any prior consent that may have been given that would allow for calling the telephone number listed above is now expressly revoked. Therefore, any future phone calls to the telephone number above using an automated telephone dialing system and/or an artificial or prerecorded voice would result in violating the TCPA.

Sincerely,



Jackie Laino